Cazim **MRKULIC**; Enisa Mrkulic; Alis Mrkulic, Petitioners

v.

**ATTORNEY GENERAL OF the UNITED STATES,** Respondent.

No. 08–3528.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Sept. 16, 2009.

Filed: Sept. 21, 2009.

Andrew P. Johnson, Esq., Law Offices of Andrew P. Johnson, New York, NY, for Petitioners.

Edward C. Durant, Esq., Glen T. Jaeger, Esq., Blair T. O'Connor, Esq., Luis E. Perez, Esq., United States Department of Justice Office of Immigration Litigation, Washington, DC, for Respondent.

Before: RENDELL, GREENBERG and VAN ANTWERPEN, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

Cazim Mrkulic, his wife Enisa, and his son, Alis, petition for review of an order of the Board of Immigration Appeals (BIA). For the reasons below, we will deny the petition for review.

The Mrkulics are natives of Yugoslavia and citizens of Bosnia–Herzegovina who entered the United States in March 2004. In February 2005, Cazim Mrkulic filed an application for asylum. He argued that he would be persecuted in Bosnia–Herzegovina based on his Muslim religion and his Montenegrin nationality. The Mrkulics were subsequently charged as removable for overstaying their admission periods. They conceded removability and sought asylum, withholding of removal, and relief under the Convention Against Torture (CAT).

At a hearing before an Immigration Judge (IJ), Cazim Mrkulic testified that, ever since the Balkan War began in 1992, he had been threatened and harassed by neighbors based on his Montenegrin accent. He stated that in January 2003 he was attacked by four men and stabbed in the abdomen with a knife. He stated that they called him a Montenegrin and said "why don't you leave our land." He later woke up in the hospital and was told by a doctor that he was lucky to be alive. He related that when he reported the attack to the police, he received no help.

Cazim stated that his son was attacked in December 2003. Alis was beaten and called a dirty dog from Montenegro. Cazim did not report his son's beating to the police because the police had done nothing when he was attacked. Cazim testified that the family constantly had problems, including threatening phone calls, damage to their cars, slashed tires, and placement of garbage, even burning garbage, in front of their house. Enisa and Alis gave testimony which was consistent with Cazim's.

The IJ denied relief and ordered the Mrkulics removed to Bosnia–Herzegovina. The IJ concluded that there was no evidence of a pattern or practice of persecution of Montenegrins in Bosnia–Herzegovina. The IJ noted that petitioners had not corroborated their testimony of the attack

on Cazim with any independent evidence and concluded that they had not shown past persecution. The BIA adopted and affirmed the IJ's decision. The BIA found no error in the IJ's determination that the Mrkulics had not shown past persecution or a well-founded fear of future persecution. Assuming credibility, the BIA determined that the Mrkulics failed to carry their burden of proof because they did not provide corroborating evidence. The Mrkulics then filed a timely petition for review.

We have jurisdiction under 8 U.S.C. § 1252. We may reverse the BIA's decision only if the record permits but one reasonable conclusion that is not the one reached by the Board. *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). To establish eligibility for asylum, petitioners must demonstrate either past persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. *See Vente v. Gonzales,* 415 F.3d 296, 300 (3d Cir.2005). For withholding of removal, they must demonstrate that it is more likely than not that they would suffer persecution in Bosnia–Herzegovina on account of these protected grounds. *Tarrawally v. Ashcroft,* 338 F.3d 180, 186 (3d Cir.2003); 8 U.S.C. § 1231(b)(3)(A). To be eligible for withholding of removal under the Convention Against Torture, petitioners must demonstrate that it is more likely than not that they would be tortured if removed to Bosnia–Herzegovina. 8 C.F.R. § 208.16(c)(2).

First, Petitioners argue that the IJ failed to make a credibility determination. Assuming credibility, the BIA determined, however, that petitioners had failed to carry their burden of showing past persecution or a well-founded fear of future persecution. Next, the petitioners argue that the IJ failed to consider in the aggregate the physical attacks, threats, and mistreatment they suffered. We need not address the issue of whether the mistreatment alleged by petitioners rises to the level of persecution because the BIA concluded that petitioners had not provided sufficient corroborating evidence.

The petitioners argue that the IJ relied too heavily on the lack of corroboration and failed to evaluate Cazim's reasons for failing to provide corroboration. The BIA agreed with the IJ that petitioners did not present sufficient corroborating evidence. We have held that the BIA may require credible applicants to provide corroborating evidence. *See Abdulai v. Ashcroft,* 239 F.3d 542 (3d Cir.2001). A corroboration analysis has three parts: "(1) an identification of the facts for which 'it is reasonable to expect corroboration;' (2) an inquiry as to whether the applicant has provided information corroborating the relevant facts; and, if he or she has not, (3) an analysis of whether the applicant has adequately explained his or her failure to do so." *Id.* at 554 (citations omitted). We may not reverse the IJ's finding with respect to the availability of corroborating evidence unless we find that a reasonable fact-finder would be compelled to conclude that such corroborating evidence is unavailable. 8 U.S.C. § 1252(b)(4); *Sandie v. Attorney General,* 562 F.3d 246, 252 (3d Cir.2009).

■ Cazim presented no medical records or police records related to the stabbing incident. He testified that he was never given any records. There was no evidence submitted to corroborate the beating of Alis. When the IJ asked the petitioners' attorney if he wanted to ask Cazim any more questions about why he had no evidence from the hospital or police, the attorney declined. Thus, the IJ gave petitioners an opportunity to explain the absence of such evidence. C.A.R. at 179. While Cazim testified that he was not given any records, petitioners provided

no evidence that such records were unavailable. While petitioners argue that the IJ made no finding as to the availability of the expected evidence, the IJ stated in her opinion, "[t]his Court finds that, with regard to the failure to present evidence of a police report or of a hospital admission or discharge in 2003, Respondents failed to provide evidence that is generally reasonable to expect of them." App. at 87. The BIA concluded that it was reasonable for the IJ to expect such evidence. We believe that a reasonable fact-finder would not be compelled to disagree. Therefore, we will not disturb the BIA's conclusion that petitioners failed to establish past persecution.

Petitioners also argue that they have a well-founded fear of persecution if removed to Bosnia–Herzegovina. The IJ found that there was no evidence presented of a pattern or practice of persecution against Montenegrins in Bosnia–Herzegovina. Petitioners point only to a few general statements from the 2005 Country Report on Bosnia–Herzegovina which indicate that ethnically motivated religious violence was directed against ethnic symbols, clerics, and buildings. Petitioners have not demonstrated that the record compels a finding of a well-founded fear of future persecution.[1] Nor have they shown that the record compels a finding of likely persecution and torture in Bosnia–Herzegovina so as to entitle them to withholding of removal or relief under the CAT. *Tarrawally v. Ashcroft*, 338 F.3d 180, 186 (3d Cir.2003); 8 C.F.R. § 208.16(c)(2).

For the above reasons, we will deny the petition for review.

---

1. We note that petitioners' attorney agreed with the IJ that there was not a pattern or practice of persecution against Montenegrins in Bosnia–Herzegovina. C.A.R. at 176.